UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>Angel Baez-Gil</u>

v.                              Civil No. 12-cv-266-JL
                                Opinion No. 2013 DNH 083
<u>United States of America</u>

**<u>MEMORANDUM ORDER</u>**

This case involves the right to effective assistance of
counsel in the context of asserting an arguably novel theory in
plea negotiations or before the court.  Angel Baez-Gil pleaded
guilty to conspiracy to possess with intent to distribute
cocaine, <u>see</u> 21 U.S.C. §§ 841 and 846, and conspiracy to import
cocaine, <u>see</u> 21 U.S.C. §§ 952, 960, and 963.  He subsequently
filed a pro se motion attacking his conviction and sentence.  <u>See</u>
28 U.S.C. § 2255.  After the United States moved to dismiss, the
court appointed counsel to represent Baez-Gil.  He then amended
the petition to distill it to a single contention:  that defense
counsel provided ineffective assistance by failing to raise,
during plea negotiations or at sentencing, the issue of whether a
co-conspirator, who died after a cocaine-filled package she had
ingested while transporting the drug burst, had died from the
"use" of the drug.  <u>See</u> Mot. to Amend (document no. 10) at 2;
Obj. to Mot. of U.S. to Dismiss (document no. 11) at 3.  This
issue was critical, Baez-Gil argues, because her death from the
"use" of the drug subjected him to a mandatory minimum sentence

of 20 years' imprisonment, whereas he would otherwise have faced a mandatory minimum sentence of only 5 years.  See 21 U.S.C. §§ 841(b)(1)(B), 960(b)(2).

Following Baez-Gil's amendment, the parties agreed to a briefing schedule by which they would submit this matter to the court for decision.  See Status Report (document no. 14); Assented-to Mot. to Permit Supp. Briefing (document no. 15). Having carefully considered the parties' submissions and heard oral argument, the court denies Baez-Gil's petition.  Even assuming the proper interpretation of the statutory term "use" excludes the ingestion of a drug in order to transport it, as Baez-Gil argues, that is a novel proposition that has been expressly rejected by one court and not endorsed by any authority this court knows of.  Case law is uniform in holding that counsel does not fail to provide effective assistance by "failing to contemplate, or choosing not to advance, [a] novel theory," United States v. Davis, 406 Fed. Appx. 268, 271 (10th Cir. 2010), so Baez-Gil has not shown his sentence was imposed in violation of his right to the effective assistance of counsel.

I.  **Applicable legal standard**

Under 28 U.S.C. § 2255, a prisoner in federal custody may move for relief from his conviction and sentence on the grounds "that the sentence was imposed in violation of the Constitution

or laws of the United States, or that the court was without
jurisdiction to impose such sentence, or that the sentence was in
excess of the maximum authorized by law, or is otherwise subject
to collateral attack."  Where no evidentiary hearing is held on a
§ 2255 motion, the court "take[s] as true the sworn allegations
of fact set forth in the petition unless those allegations are
merely conclusory, contradicted by the record, or inherently
incredible."  Owens v. United States, 483 F.3d 48, 57 (1st Cir.
2007) (internal quotation marks and citation omitted).

## II.  **Background**

Baez-Gil and several others conspired to import cocaine into
the United States from the Dominican Republic.  Among the
conspirators were twin sisters Nelly and Mally Rodriguez, who
agreed to transport the cocaine into the United States by
swallowing a number of "fingers"–-which the court understands to
be either balloons or the snipped-off fingers of rubber gloves–-
each containing about 10 grams of cocaine.  Pursuant to this
plan, the sisters each swallowed about 40 fingers in Santo
Domingo, the capital and largest city of the Dominican Republic,
and flew to Boston, Massachusetts.  From there, they traveled by
taxi to the Park View Inn in Salem, New Hampshire, where they
drank laxatives to assist in passing the fingers.

Not long after consuming the laxatives, Mally fell ill, began vomiting, and lost consciousness.  After the Salem police were summoned to the inn, they transported Mally to the hospital, where she was pronounced dead.  The medical examiner determined the cause of death to be acute cocaine intoxication.

The grand jury indicted Baez-Gil and his co-conspirators for conspiracy to possess cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 846. It subsequently handed up a superseding indictment charging the same defendants with an additional count of conspiracy to import cocaine into the United States, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(2)(B)(ii), and 963.  Each count of the superseding indictment alleged that "the use of said cocaine result[ed] in the death of Mally Rodriguez," a fact that, if proven, would have subjected Baez-Gil to a 20-year mandatory minimum sentence under 21 U.S.C. §§ 841(b)(1)(B) and 960(b)(2).

On September 29, 2009, Baez-Gil, who was represented by retained counsel, appeared before this court and entered pleas of guilty to both counts of the superseding indictment.  He entered those pleas pursuant to a plea agreement with the prosecution, acknowledging that an element of both offenses was "that death resulted from the use of the cocaine," and that each offense carried a mandatory minimum term of 20 years and a maximum term

4

of life imprisonment.  The agreement further stipulated that, absent the prosecution's filing of a motion under 18 U.S.C. § 3553(e), "the defendant should be sentenced to serve 240 months imprisonment to be followed by five (5) years of supervised release on Counts One and Two concurrently."  It is undisputed that neither of Baez-Gil's two attorneys advised him that he should not plead guilty to the "death resulting" element of the offenses because a victim's "intentional introduction of encased 'fingers' into her alimentary canal solely for the purpose of transporting the 'fingers' is not 'the use' of cocaine as that term is contemplated in the drug statute."

The court sentenced Baez-Gil on December 31, 2009. Application of the United States Sentencing Guidelines yielded a sentencing range of 168-210 months, which was raised to 240 months in accordance with the mandatory minimum just mentioned. See U.S.S.G. § 5G1.1(b).  The court granted the prosecution's motion for a downward departure, see 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1, and sentenced Baez-Gil to a term of 180 months on each of the counts of conviction, to be served concurrently. Baez-Gil, arguing that the 180-month sentence was unreasonable, appealed his sentence to the Court of Appeals, which affirmed. See United States v. Baez-Gil, No. 10-1104 (1st Cir. Apr. 11, 2011) (unpublished disposition).

III. **Analysis**

The Sixth Amendment to the United States Constitution guarantees a criminal defendant "the Assistance of Counsel for his defence." U.S. Const. amend. VI . The right to assistance of counsel, as set forth in the Amendment, "is the right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686 (1984) (emphasis added; internal quotation marks and citation omitted). As is the case with other constitutional rights, the government can take actions that violate this right, e.g., by interfering "with the ability of counsel to make independent decisions about how to conduct the defense." Id. at 686. Uncommonly, though, counsel may itself deprive a defendant of this right "simply by failing to render adequate legal assistance," that is, assistance that is "reasonable considering all the circumstances," including "prevailing professional norms." Id. at 686-88.

A petitioner alleging that counsel rendered constitutionally inadequate representation bears "a highly demanding and heavy burden." Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006) (quoting Williams v. Taylor, 529 U.S. 362, 393 (2000)). He must "show, by a preponderance of the evidence, that [his] trial counsel's conduct fell below the standard of reasonably effective assistance and that counsel's errors prejudiced the defense."

6

González-Soberal v. United States, 244 F.3d 273, 277 (1st Cir. 2001) (citing Strickland, 466 U.S. at 694; emphasis in original). This two-part test "applies to challenges to guilty pleas based on ineffective assistance of counsel," Hill v. Lockhart, 474 U.S. 52, 58 (1985), like the challenge Baez-Gil raises here.

This court need not venture past the first prong of the test to examine whether Baez-Gil's defense was prejudiced by his counsel's alleged error, as his attorneys' conduct did not fall "below the standard of reasonably effective assistance."  In assessing the quality of representation under the first prong, courts employ a highly deferential standard of review and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see also Knight, 447 F.3d at 15 ("It is only where, given the facts known at the time, counsel's choice was so patently unreasonable that no competent attorney would have made it, that the ineffective assistance prong is satisfied.").  Baez-Gil has not overcome this presumption.

At the core of Baez-Gil's claim of ineffective assistance of counsel is the proper interpretation of 21 U.S.C. §§ 841(b)(1)(B) and 960(b)(2), both of which provide for a mandatory minimum sentence of 20 years' imprisonment "if death or serious bodily injury results from the use of" the controlled substance either

possessed or imported by a defendant.  As already noted, Baez-Gil
argues that the term "use" in these clauses does not include "the
swallowing of packaged drugs for the purpose of transportation."
Pet'r's Memo. of Law (document no. 16) at 4; see also id. at 7.
Instead, Baez-Gil says, the term "use" means the ingestion or
introduction of a controlled substance into one's body "for the
purpose of obtaining the benefit or reaction from the drug"
(i.e., to take advantage of the drug's narcotic or psychoactive
properties).  Obj. to Mot. to Dismiss (document no. 11) at 7.  By
failing to appreciate this interpretation of the statute and
advise him accordingly, Baez-Gil argues, his attorneys deprived
him of adequate representation.

        Baez-Gil's interpretation of the statutory term "use" is not
without merit.  That interpretation is certainly more consistent
with the common understanding of what it means to "use" a drug
than the United States' proffered interpretation, which is that
the "use" of a drug is simply the "ingestion of a drug" through
"the act of snorting, injecting or swallowing,"[1] no matter what
the ultimate purpose of this ingestion may be.  Resp. to Pet'r's
Memo. of Law (document no. 17) at 4.  It is by no means clear,
though, that Baez-Gil's interpretation is correct (or, for that

---

        [1]Or, presumably, through inhalation, topical application, or
any of the other myriad ways controlled substances are typically
introduced into the body.

8

matter, that the United States' interpretation is incorrect).
Baez-Gil has not cited, and the court has not found, any cases
that endorse his interpretation of §§ 841(b)(1)(B) and 960(b)(2).
As a matter of fact, it appears that only one court has directly
addressed what it means to "use" a controlled substance within
the meaning of either statute, and that court concluded that a
person who died after consuming a controlled substance in order
to conceal it from the police--essentially the same reason Mally
Rodriguez consumed the cocaine Baez-Gil conspired to import and
possess--had made "use" of the drug.  See United States v. Baker,
No. 05-cr-496, 2007 WL 148796, at *7-8 (E.D. Mo. Jan. 16, 2007).

    This court need not resolve that issue itself at this time.
Assuming that Baez-Gil's interpretation is the correct one, his
attorneys' failure to apprehend that interpretation and advise
Baez-Gil of its ramifications did not constitute ineffective
assistance.  What is encompassed within the "use" of a controlled
substance for purposes of the offenses for which Baez-Gil was
convicted is not evident on the face of the statute and has not
yet been clarified by controlling case law.  "The Strickland
standard does not require counsel to be clever or inventive, or
to advocate a claim not yet announced in the law." Williams v.
Alabama, No. 07-cv-1276, 2012 WL 1339905, at *72 (N.D. Ala. Apr.
12, 2012); see also Davis, 406 Fed. Appx. at 271 ("Trial counsel

was not deficient for failing to contemplate, or choosing not to advance, [a] novel theory."); Meeds v. Moore, No. 06-cv-25, 2008 WL 301978, at *2 (S.D. Ohio Feb. 1, 2008) ("Federal courts have long recognized that an attorney's performance is not deficient, merely because he has failed to raise a novel argument, even though that argument is subsequently adopted as the law."). Indeed, both the United States Supreme Court and the Court of Appeals have held that defense attorneys who fail to detect and raise a novel argument have not rendered ineffective assistance. See Engle v. Isaac, 456 U.S. 107, 131-34 (1982) (the Constitution "does not insure that defense counsel will recognize and raise every conceivable . . . claim"); Choudry v. United States, 960 F.2d 143 (1st Cir. 1992) (unpublished) (declining to "fault defense counsel for failing to raise [a] novel claim"); United States v. Fusaro, 708 F.2d 17, 26-27 (1st Cir. 1983) (defense counsel's "failure to spot" a "novel claim" did "not render counsel's assistance below the range of competence of attorneys").

Because Baez-Gil has not carried his burden of showing that his trial counsel's conduct fell below the standard of reasonably effective assistance,[2] he has not shown that he was convicted and

---

[2]The court notes that one of Baez-Gil's co-conspirators, who also had the benefit of counsel, likewise entered a plea agreement stipulating that Mally Rodriguez's death had resulted

10

sentenced "in violation of the Constitution or laws of the United States."  Consequently, he is not entitled to relief under 28 U.S.C. § 2255.

## IV.  **Conclusion**

For the foregoing reasons, Baez-Gil's motion for relief under 28 U.S.C. § 2255 is DENIED.  Because Baez-Gil has not made a substantial showing of the denial of a constitutional right, the court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Rule 11, Rules Governing Section 2254

---

from the use of the cocaine, and that he was therefore subject to a 20-year mandatory minimum sentence.  See Plea Agreement, United States v. Rodriguez Brito, No. 09-cr-41-JL-1 (D.N.H. Aug. 20, 2009).  Notably, the attorney representing that co-defendant is on this court's panel of attorneys who provide representation under the Criminal Justice Act, and has been found qualified to provide representation in complex criminal cases.  That provides some confirmation that the assistance rendered by Baez-Gil's attorneys did not fall below prevailing professional norms.

Further showing that Baez-Gil's attorneys did not act unreasonably in failing to recognize the issue is the opinion of the United States Court of Appeals for the District of Columbia Circuit in United States v. Shah, 453 F.3d 520 (D.C. Cir. 2006). There, the court of appeals affirmed the district court's application of § 2D1.1(a)(2) of the United States Sentencing Guidelines, which mandates a base offense level of 38 if "death or serious bodily injury resulted from the use of" a controlled substance, where the defendant's co-conspirator, like Baez-Gil's, had died "after ingesting [the controlled substance] while smuggling it" into the United States.  Id. at 524.  That neither the court of appeals nor the trial court saw fit to question whether this ingestion of the substance constituted the "use" of the substance suggests that this conclusion is not so obvious that any competent attorney should have seized on it.

Cases; First Cir. L.R. 22.0.  The clerk of court shall enter

judgment accordingly and close the case.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: June 4, 2013

cc:  Mark E. Howard, Esq.
     Donald A. Feith, Esq.