UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE

Angel Baez-Gil

     v.                                  Civil No. 12-cv-266-JL
                                          Opinion No. 2013 DNH 109
United States of America


                          **MEMORANDUM ORDER**

     Angel Baez-Gil moves this court to alter or amend its judgment denying his petition for relief from his conviction and sentence under 28 U.S.C. § 2255.  See Fed. R. Civ. P. 59(e).  As discussed in the court's order denying the petition, see Baez-Gil v. United States, 2013 DNH 083, Baez-Gil pleaded guilty to conspiracies to possess with intent to distribute, and to import, cocaine.  See 21 U.S.C. §§ 841, 846, 952, 960, and 963.  As a part of that plea, he stipulated that a co-conspirator, who died after the rupture of a cocaine-filled package she had ingested to conceal the drug during transport, had died from the "use" of the drug.  This stipulation subjected Baez-Gil to a mandatory minimum sentence of 20 years' imprisonment.  See id. §§ 841(b)(1)(B), 960(b)(2).  In his petition, Baez-Gil asserted that the statutory term "use" does not include the ingestion of a drug to conceal it during transport, and argued that his defense counsel provided ineffective assistance by failing to appreciate this issue and raise it during plea negotiations or at sentencing.

This court rejected that argument.  In so doing, the court declined to address whether Baez-Gil's interpretation of the term "use" was correct, concluding that even if it was, counsel had not rendered ineffective assistance by failing to contemplate that interpretation of the statute.  Baez-Gil, 2013 DNH 083 at 9-10.  This was so, the court held, because Baez-Gil's interpretation was a novel one that found no support in the case law, and "defense attorneys who fail to detect and raise a novel argument have not rendered ineffective assistance."  Id. at 10 (citing Engle v. Isaac, 456 U.S. 107, 131-34 (1982); Choudry v. United States, 960 F.2d 143 (1st Cir. 1992); United States v. Fusaro, 708 F.2d 17, 26-27 (1st Cir. 1983)).

In his motion to alter or amend the judgment, Baez-Gil does not argue that this conclusion was erroneous.  Instead, he argues that he "unnecessarily cabined the 'use' issue in the narrow confines of an ineffective assistance claim," and urges the court to "address squarely the definition of 'use.'"  Mot. to Alter or Amend J. (document no. 20) at 2.  But, as this court previously noted, Baez-Gil's claim "necessarily had to be brought as one for ineffective assistance" because Baez-Gil failed to advance his argument regarding the definition of the term "use" in the underlying criminal proceeding.  Order of July 2, 2013.

While the court invited Baez-Gil to show cause why, as a result of that failure, his argument as to the meaning of "use" was not procedurally barred, see id., his filing in response fails to identify any established exception to the bar on considering his reformulated argument for the first time on habeas review.  Cf. Lynch v. Ficco, 438 F.3d 35, 45-46 (1st Cir. 2006) (discussing "fundamental miscarriage of justice" and "cause and prejudice" exceptions).  The response instead attempts to reargue the merits of Baez-Gil's ineffective assistance claim, along the way bemoaning the "injustice" of the fact that, by virtue of a "frustrating procedural conundrum, not of his own making," Baez-Gil cannot now argue that he was "convicted under a statute that does not apply."  Memo. to Show Cause (document no. 23) at 1, 3.  That result, however, is commonplace where a defendant seeks post-conviction relief on the basis of a novel claim that defense counsel did not raise before the trial court.

Indeed, Baez-Gil's situation is not unlike that of the habeas petitioner in Choudry, which, as noted above, the court cited in denying Baez-Gil's petition.  The petitioner there--Choudry--was charged with knowing possession of "any plate in the likeness of a plate designed for the printing of permits" for entry into the United States.  960 F.2d 143, 1992 WL 82469, at *1 (quoting 18 U.S.C. § 1546(a)).  He had possessed three rubber

3

stamps resembling "the official stamps used by immigration authorities of the United States and Pakistan . . . to validate travel documents for entering and leaving" those countries.  Id.  Like Baez-Gil, on his counsel's advice Choudry pleaded guilty to that charge.  Id.  And, also like Baez-Gil, Choudry later sought habeas relief, arguing (among other things) that under the "correct" reading of the statute, his conduct did not amount to a crime and that his counsel had rendered ineffective assistance in failing to appreciate and raise that issue.  Id. at *2-3. Specifically, he argued that the rubber stamps in question fell outside the ambit of the statute because they "could only make a record of entry; they could not print permits."  Id. at *3.

The Court of Appeals rejected this argument primarily on procedural grounds, noting that Choudry had failed to raise it in his habeas petition before the district court.  Id.  The Court of Appeals also proceeded to address the merits of the ineffective assistance argument, however.  It noted that "[w]hether a rubber stamp that may be used to record the fact that someone has entered the United States is a 'plate in the likeness of a plate designed for the printing of permits' under § 1546(a) has yet to be decided, either in this circuit, or in other circuits," id.-- as is also true of the statutory term "use" as it applies to Baez-Gil's case (even though that term had been in the statute

for over 20 years at the time Baez-Gil was charged and convicted, see Anti-Drug Abuse Act of 1986, Pub. L. No. 99-570, §§ 1002, 1302, 100 Stat. 3207). Without undertaking to decide that issue itself, the Court of Appeals concluded that, in light of this "dearth of authority," which indicated that Choudry's interpretation had a "questionable likelihood of success," it could not "fault defense counsel for failing to raise this novel claim."[1] Choudry, 960 F.2d 143, 1992 WL 82469, at *3.

So Choudry, like Baez-Gil, was denied an opportunity to argue that he was "convicted under a statute that does not apply" through a "frustrating procedural conundrum" that was "not of his own making." As illustrated by Choudry--and, for that matter,

---

[1] That the Court of Appeals did not find it necessary to examine whether Choudry's interpretation of the statute was in fact correct before determining that his counsel had not been ineffective belies Baez-Gil's assertion that answering "[t]he question whether counsel was ineffective necessarily requires a ruling from this Court" on the interpretation of the term "use." Memo. to Show Cause (document no. 23) at 3.

The court's conclusion that Choudry's counsel was not ineffective for his failure to question whether the stamps Choudry possessed qualified as the "plates" charged in the indictment also undermines Baez-Gil's suggestion--made for the first time in his response to this court's show cause order--that his case is somehow different from other cases involving defense counsel's failure to make a novel argument because there is "no more rudimentary and fundamental task of defense counsel than to review the elements of the charged crime, discern the meaning of the elements, and then compare the facts of the case to the elements." Id. at 4. Defense counsel's failure to "discern the meaning of the elements" of the charged crime and "compare the facts of the case to the elements" was, of course, exactly what Choudry unsuccessfully argued was ineffective assistance.

5

each of the other cases the court cited in its order for the proposition that defense counsel is not ineffective for failing to raise an issue as-yet unrecognized in the law, and each of the cases the prosecution cites for that proposition in its response to Baez-Gil's show cause memorandum--that conundrum is inherent in the standard applicable to ineffective assistance claims, and its interplay with the doctrine of procedural default.  See Murray v. Carrier, 477 U.S. 478, 486-88 (1986) ("[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default. . . . So long as a defendant is represented by counsel whose performance is not constitutionally ineffective . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.").  This court has neither the authority to change that standard nor the inclination to disregard it.

As a final aside, the court notes that Baez-Gil says for the first time in his response to the court's show cause order that he himself "recognized the issue and urged his lawyer to raise it."  Memo. to Show Cause (document no. 23) at 1.  Baez-Gil claims that he "pointed out" in his original petition that he had "explained to his lawyer that the death resulting statutes did not apply in this case" but the attorney "ignored [his]

6

protestations." Id. at 3 & n.2. This court has scoured Baez-Gil's original petition several times and can find no suggestion that Baez-Gil ever alerted his attorney to the potential issue he now seeks to raise. (To the contrary, the petition alleges only that Baez-Gil's "attorney failed to grasp," "failed to raise," or "never thought about" the issue. Mot. to Vacate (document no. 1) at 4, 6-7.) The court was also unable to find any such suggestion in any of Baez-Gil's other filings, and Baez-Gil's appointed counsel in this proceeding never mentioned it in any of his formal or informal discussions with the court. Assuming, dubitante, that the outcome of this case would be different if Baez-Gil had in fact raised the issue with his defense attorney, it is far too late for Baez-Gil to make that claim now.

For the foregoing reasons, Baez-Gil's motion to alter or amend the judgment (document no. 20) is DENIED.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: August 14, 2013

cc: Mark E. Howard, Esq.
    Donald A. Feith, AUSA

7